## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re: BENEDICT J. LaCHANCE            Case No. 11-28122-PP

                        (Chapter 7)

           Debtor.

---

### UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO
### 11 U.S.C. § 707(b)(1) BASED ON 11 U.S.C. §§ 707(b)(2) and (3)

---

NOW COMES the United States Trustee Patrick S. Layng, by Attorney Michelle S. Y. Cramer, who hereby moves to dismiss this case under 11 U.S.C. § 707(b)(1) based on the presumption of abuse and abuse under 11 U.S.C. §§ 707(b)(2) and (3). In support of this motion, the United States Trustee states:

### I. SUMMARY OF THE MOTION

1.     Benedict LaChance ("Debtor") commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on May 19, 2011.

2.     The case was converted to Chapter 7 on October 22, 2012, because Mr. LaChance experienced a job loss.

3.     Mr. LaChance is above-median-income for a household of one; his gross annual income was $71,134, while the median income for a one-person household is $41,150. On the Chapter 13 means test he reported a monthly disposable income of $1,011. Under a Chapter 7 analysis the presumption of abuse arises. *See* Docket Entry #1.

4.     Upon information and belief, at the § 341 meeting of creditors held in the Chapter 7 case Mr. LaChance testified he was in the last stages of a background check for new employment. The new position, if offered to him, would be at a higher salary than his previous employment.

Michelle S. Y. Cramer
Office of the United States Trustee
517 E. Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
414.297.4499/Fax 414.297.4478

5. The United States Trustee filed a statement of presumed abuse on November 29, 2012. *See* Docket Entry #35.

6. Under the totality of Mr. LaChance's financial condition, if he secures the new employment, he would have the ability to repay creditors.

7. Mr. LaChance will not know whether he will be offered the new position until after the New Year. This motion is filed to preserve the United States Trustee's rights under 11 U.S.C. § 704(b). If the developing facts and circumstances do not support the motion to dismiss, the United States Trustee will withdraw the motion.

## II. JURISDICTION AND PROCEDURAL HISTORY

8. The Court has jurisdiction in this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

9. The United States Trustee has standing to file a motion under 11 U.S.C. § 707(b) if it finds that the granting of relief would be an abuse of the provisions of this chapter.

10. Section 704(b)(1)(a) requires the United States Trustee to review all materials filed by debtors and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under 11 U.S.C. § 707(b).

11. The initial Chapter 7 § 341 meeting of creditors was scheduled for November 19, 2012, and the United States Trustee filed the Statement of Presumed Abuse (the "10-day statement") on November 29, 2012.

12. This motion is filed within 30 days of the filing of the 10-day statement and is timely under 11 U.S.C. § 704(b)(2) and Rule 9006(a), Fed R. Bankr. P. (as applicable).

### III. LAW AND ARGUMENT

#### Statutory Definition of Presumption of Abuse

13.    Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7.

14.    At the time of this filing, 11 U.S.C. § 707(b)(2)(A)(i) required the court to presume that a Chapter 7 filing is abusive when the current monthly income (CMI), reduced by amounts determined under § 707(b)(2)(A) (ii), (iii), and (iv), and multiplied by 60, is not less than the lesser of – (I) 25 percent of the nonpriority unsecured claims in the case, or $7,025, whichever is greater; or (II) $11,725.

15.    Therefore, if the monthly net income is $195.42 or more (at least $11,725 to fund a 60-month plan), the filing is presumed abusive.

16.    In this case, Mr. LaChance's monthly disposable income is above the threshold, and the presumption of abuse arises.

#### Requirements to Establish Special Circumstances

17.    If the presumption of abuse arises, debtors may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or an order to active duty in the Armed Forces, and only to the extent such special circumstances justify additional expenses or adjustments to CMI for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i).

18.    Debtors must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. 11 U.S.C. §§ 707(b)(2)(B)(ii) and (iii).

19.    In the event debtors can establish special circumstances of the kind described in 11 U.S.C. §707(b)(2)(B)(i), they can rebut the presumption of abuse. Mr. LaChance has not filed a rebuttal.

3

20. If Mr. LaChance is fortunate enough to find new employment, re-conversion of his case back to a Chapter 13 is prohibited under 11 U.S.C. § 706(a) and a new Chapter 13 would have to be filed.

**Totality of the Circumstances Under 11 U.S.C. § 707(b)(3)(B)**

21. In considering whether the granting of relief would be an abuse in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the debtor filed the petition in bad faith, or the totality of the circumstances of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3)(A) and (B).

22. In this case, Mr. LaChance would earn an even higher salary than his previous job if he is offered the new position. Considering he successfully confirmed a prior Chapter 13 plan with his lower salary, it would be logical to presume similar success with his new income.

23. This motion is filed to preserve the United States Trustee's rights under 11 U.S.C. § 704(b)(2). Once additional information is provided regarding Mr. LaChance's employment, the United States Trustee will determine whether to proceed with the motion to dismiss.

24. The United States Trustee reserves the right to supplement this motion after its review of the requested information and documentation.

WHEREFORE, the United States Trustee prays that the Court enter an order dismissing the case pursuant to 11 U.S.C. § 707(b)(1).

DATED: December 31, 2012.

Respectfully submitted,

PATRICK S. LAYNG
United States Trustee


_____/s/_____
MICHELLE S. Y. CRAMER
Attorney for the United States Trustee

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: BENEDICT J. LaCHANCE                    Case No. 11-28122-PP

                                                        (Chapter 7)

                            Debtor.

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on December 31, 2012, I electronically filed the **UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(1) BASED ON 11 U.S.C. §§ 707(b)(2) and (3)** with the Clerk of the Bankruptcy Court using the ECF system which will send notification of such filing to the following:

Michael P. Maxwell
Nathan E. DeLadurantey

and further, that I mailed such document, via first-class U.S. mail, to the following party:

Benedict J. LaChance
383 Cascade Lane
Oswego, IL   60543

/s/_____
Linda L. Saladin
Paralegal Specialist
Office of the United States Trustee